58 So.2d 142

## NEWMAN v. STATE.

### 4 Div. 177.

Court of Appeals of Alabama.

Feb. 5, 1952.

Rehearing Denied March 13, 1952.

W. R. Martin, Ozark, for appellant.

Si Garrett, Atty. Gen., J. W. Arbuthnot, Asst. Atty. Gen., and Marvin Cherner, Montgomery, of counsel, for the State.

HARWOOD, Judge.

This appellant was first tried and found guilty in the County Court of Dale County on an affidavit charging him with using abusive and obscene language in the presence of a female.

Appellant perfected his appeal to the Circuit Court of Dale County. The Solicitor's complaint contained two counts, one charging that appellant used abusive, insulting or obscene language near the dwelling house of Mrs. Ella Enfinger and within the hearing of the family or a member thereof or occupants thereof. The second count charged the use of such language in the presence of a woman.

The jury returned a general verdict of guilty and assessed a fine. Judgment was entered pursuant to the verdict.

Appellant's counsel contends that the evidence submitted in the cause below shows that the alleged offense was committed after the date of the affidavit and warrant upon which the trial was had in the County Court. Both these papers are dated 8 July 1950.

It appears from the testimony of the State's witnesses that the appellant had used abusive and obscene language in the presence of Mrs. Enfinger on more than one occasion, and that one or more of these occasions were after the date of the affidavit and warrant issued in the County Court proceedings.

Some confusion resulted therefore from the testimony of the witnesses as to just which occasion their testimony was related.

However on redirect examination the witnesses for the State expressly stated that they had testified in the County Court trial, and that the abusive language attributed by them to the appellant had been uttered by the appellant shortly prior to the issuance of the affidavit and warrant of 8 July 1950.

The appellant denied that he had on any occasion used abusive or obscene language in the presence of Mrs. Enfinger. Other witnesses gave testimony tending to corroborate the testimony of the appellant.

This contradiction merely raised a question of fact solely within the province of the jury to resolve. Certainly there is ample testimony by several witnesses for the State justifying the verdict reached by the jury.

442

■ Very few objections were interposed by either side during the trial below. In no instance was an exception reserved to the court's ruling. There is therefore nothing presented for our review in this regard.

■ Defendant's unnumbered written requested charge being affirmative in nature was properly refused.

■ Defendant's requested charges numbers 2 and 3 were properly refused as being misleading, inapplicable, or otherwise faulty.

Affirmed.